UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| CHARLES DAVID STAMPER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ERIC SHINSEKI and ROY FLORES, )<br>)<br>Defendants. ) | No. 2:10-cv-280<br>*Collier / Lee* |

## **REPORT AND RECOMMENDATION**

Before the Court is an Application to Proceed *In Forma Pauperis* ("Application") [Doc. 1] filed by Charles David Stamper ("Stamper"). "[T]o ensure that indigent litigants have meaningful access to the courts," an indigent plaintiff may file a complaint without prepayment of the Court's $350 filing fee. 28 U.S.C. §§ 1914, 1915; *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). In order to qualify for pauper's status, a plaintiff must show, by affidavit, that her financial situation will not permit her to pay the costs of litigation and still afford the necessities of life for herself and her dependents. 28 U.S.C. § 1915(a); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Based upon a review of Stamper's application and supporting documentation, I **FIND** that Stamper has sufficient funds to pay the Court's filing fee. Specifically, Stamper's household's net monthly income is $3585.80, and it was approximately $844 higher at the time he filed his Application. His itemized monthly expenses, on the other hand, total only $3199. Accordingly, I

**RECOMMEND**[1] that Stamper be denied pauper's status and that he be assessed the $350 filing fee. I further **RECOMMEND**, however, that Stamper be permitted to pay the $350 filing fee in ten monthly installments of $35, and that his complaint be filed upon receipt of the first such installment, with Stamper providing for service of the complaint at his own expense.[2]

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

[2] This document contains hyperlinks to other documents. Such links are provided for the user's convenience only, and the Court does not guarantee their functionality or accuracy. Any link which directs the user to a document other than the document cited in the text will not supersede the textual citation. The Court does not endorse the content of, or any provider of, any document maintained by any other public or private organization.